Wright, J.,
delivered the opinion of the Court.
*611 There is no error in this judgment.
Hnmes was the trustee of the type and press of the Knoxville Register, for the benefit of certain creditors, and was about to sell th^.- property to close the trust.
Kain was also a trustee of the same property by a younger deed, for the benefit of certain other creditors, and as such, had possession of it; and declared he would not give up the office • to the purchaser, under Humes, until he received funds sufficient to pay the hands in the printing office. The sale by Humes, the trustee, went on, and one Kinsloe became the purchaser, and paid down to Humes on the purchase, §300- 00. Humes and Kain then had an interview, and Kain agreed to give up the printing office on Humes lending him the $>300 00, which he immediately did, Kain agreeing to repay the money to Humes in a short time. He did repay him $50 00, a part of it, and this suit is brought to recover the residue. The Circuit Judge held Kain individually liable. In this there is no error. It is clear here that the contract was made with him personally, and not in his character of trustee, and that the credit was exclusively given to him. If he did not intend to bind himself, personally, care should have been taken, in making the contract, to have defined the nature and extent of his obligation. Story on Agency, § 447; Jordan vs. Trice, 6 Yerg., 479.
Affirm the judgment.